UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:99-CR-132-TAV-HBG-1 |
| ERIC HOUSTON, | ) ) | |
| Defendant. | ) ) | |

# **ORDER**

This criminal case is before the Court on the defendant's *pro se* motion to reduce sentence [Doc. 75]. The government responded in opposition to this motion, asserting that the defendant is not eligible for relief under § 3582(c) because he was sentenced as a career offender [Doc. 78].

The Court addressed the defendant's supplemental motion for resentencing [Doc. 88] on April 22, 2016 [Doc. 91]. In this Order, the Court denied the defendant's motion for a sentence reduction due to his career-offender status [*See id.* at 3–4 ("Even if Amendment 782 were to lower the defendant's offense level under Chapter Two, the career-offender provisions of Chapter Four would still apply. . . . Accordingly, the Court lacks jurisdiction under § 3582(c) to modify the defendant's sentence.")]. This Court still lacks jurisdiction to modify the defendant's sentence, and the Court's earlier Order [Doc. 91] likewise applies to the defendant's current motion to reduce sentence. *See United States v. Payton*, 617 F.3d 911, 914 (6th Cir. 2010) (explaining that "a defendant

convicted of [drug] charges but sentenced as a career offender under U.S.S.G. § 4B1.1 is not eligible for a reduction based on [a retroactive amendment to the drug guidelines]" (internal quotation marks and citations omitted)).  Accordingly, the defendant's *pro se* Motion To Reduce Sentence [Doc. 75] is hereby **DENIED as moot**.

    IT IS SO ORDERED.

                                          s/ Thomas A. Varlan
                                          CHIEF UNITED STATES DISTRICT JUDGE