UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Nos. 3:19-CR-48-TAV-HBG |
| | ) | 3:99-CR-132-TAV-HBG |
| ERIC HOUSTON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b). This case came before the undersigned on August 23, 2019, for a competency hearing in case number 3:19-CR-48 and an initial appearance on a petition for violation of supervise release in case number 3:99-CR-132. Assistant United States Attorney Alan Scott Kirk, appeared on behalf of the Government. Attorney Devin S. DeVore, who practices with Attorney Norman D. McKellar, represented the Defendant, who was also present.

The Court first took up the competency issue. The Court and the parties have received the seventeen (17)-page Forensic Evaluation report by Forensic Psychologist Ryan Nybo, Psy.D., of the Federal Detention Center in Seatac, Washington ("FDC Seatac"). Dr. Nybo diagnosed the Defendant with Antisocial Personality Disorder and Malingering. However, he found that the Defendant "has a sufficient ability to understand the nature and consequences of the court proceedings against him and an adequate ability to properly assist counsel in his defense." Dr. Nybo concludes that Defendant Houston is not suffering from a mental disease or defect that compromises his ability to understand his case or to assist properly in his defense.

The Government offered the Forensic Evaluation, report as its evidence and asked that the report be made a sealed exhibit to the hearing. Mr. DeVore stipulated to the report. The

Court directed that the Forensic Evaluation report be made sealed exhibit 1 to the hearing and filed in the record under seal. Neither the Government nor Defendant Houston sought to offer any other evidence for the Court to consider on the issue of the Defendant's competency. Based upon Dr. Nybo's report and pursuant to 18 U.S.C. § 4241(d), the Court finds by a preponderance of the evidence that Defendant Houston is able to understand the nature and consequences of the charges and proceedings against him and to assist properly in his defense. Accordingly, the Court finds that the Defendant is **COMPETENT** to proceed to trial.

Mr. McKellar moved for a competency evaluation for Defendant Houston on May 2, 2019, shortly after the Defendant's initial appearance and arraignment in this case. Since that time, the Defendant has filed two *pro se* motions [Docs. 16 & 19] and one *pro se* letter [Doc. 22] to the Court, asking for the removal of Mr. McKellar and the appointment of new counsel. Defendant Houston does not provide any reason for substitution of counsel in these filings, except for a vague and disjoined reference to a conflict of interest. At the motion hearing, Mr. DeVore directed the Court's attention to the Defendant's statements to Dr. Nybo about wanting to fire his attorney, which are contained within Dr. Nybo's report. Mr. DeVore argued that these statements indicate that the Defendant no longer trusts Mr. McKellar.

The Court finds that Defendant Houston has not stated a basis for substitution of counsel. In order to substitute counsel, the undersigned must find either an actual conflict of interest or good cause. Defendant has shown neither.[1] *See Wilson v. Mintzes*, 761 F.2d 275, 280

---

[1] The Defendant did not raise the comments he made to Dr. Nybo about his relationship with Mr. McKellar in his *pro se* motions. However, even considering those comments, the Court still finds the Defendant has not provided a valid basis for substitution of counsel. Dr. Nybo characterized the Defendant as an unreliable historian and given to exaggeration. Thus, the Court questions the truthfulness of the Defendant's comments to Dr. Nybo. Moreover, as the Court noted in the competency hearing, Dr. Nybo stated that based upon the Defendant's attitude, he will have difficulty getting along with any attorney.

(6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause). Instead, the Court finds that the Defendant and Mr. McKellar had approximately one week to work together, before the Defendant was committed for a mental evaluation. The undersigned finds that Defendant Houston has not given the attorney-client relationship a chance. The Defendant is cautioned that the Sixth Amendment does not entitle a defendant to counsel with whom he shares a good rapport or to a "meaningful relationship" with his attorney. *Morris v. Slappy*, 461 U.S. 1, 13-14 (1983). Instead, the Defendant is entitled to competent counsel. Defendant Houston is admonished to make every effort to work with Mr. McKellar on his case.

At the time of the Defendant's commitment for a mental evaluation, his June 25, 2019 trial date was removed, to be reset upon a finding that the Defendant is competent. The parties agreed to a new trial date of October 22, 2019.[2] The Court set a new deadline for filing pretrial motions of **September 13, 2019**. Responses to motions are due on or before **September 27, 2019**. The parties are to appear before the undersigned for a pretrial conference on **October 2, 2019, at 11:00 a.m.** If any motions are filed, the Court will hear them at this hearing. **October 2, 2019** is also the deadline for entering into a plea agreement and for providing reciprocal discovery. Motions *in limine* must be filed no later than **October 7, 2019**. Special requests for jury instructions shall be submitted to the District Judge no later than **October 11, 2019**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

The Court finds that the allegations in the petition in case number 3:99-CR-132 are based upon the charged activity in case number 3:19-CR-48. Accordingly, the Court appointed

---

[2] The Court finds that all the time between the Defendant's motion for a competency evaluation [Doc. 15], which was filed on May 2, 2019, and the competency hearing on August 23, 2019, is be fully excludable under the Speedy Trial Act, because the Defendant was undergoing an examination to determine his competency to proceed. *See* 18 U.S.C. § 3161(h)(1)(A); *see also* 18 U.S.C. § 3161(h)(1)(F) (excluding up to ten days of time for transportation to and from places of examination and hospitalization).

Mr. McKellar to represent the Defendant in both cases, and the schedule for these cases shall track together. Thus, the revocation hearing in case number 3:99-CR-132 will be on **October 22, 2019.**

Accordingly, it is **ORDERED**:

(1) The Defendant is **COMPETENT** to proceed to trial;

(2) The Defendant's *pro se* requests [**Docs. 16 & 19**] for the substitution of counsel are **DENIED**;

(3) The trial of this matter reset to **October 22, 2019**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge. This date will also be the revocation hearing in case number 3:99-CR-132;

(4) All time between the filing of the motion for competency evaluation on **May 2, 2019**, and the competency hearing on **August 23, 2019**, is fully excludable under the Speedy Trial Act for the reasons set forth herein;

(5) The deadline for filing pretrial motions is reset to **September 13, 2019**;

(6) Responses to motions are due on or before **September 27, 2019**;

(7) The parties are to appear before the undersigned for a pretrial conference on **October 2, 2019, at 11:00 a.m.** This date is also the deadline for filing a plea agreement and providing reciprocal discovery;

(8) Motions *in limine* must be filed no later than **October 7, 2019**; and

(9) Special requests for jury instructions with appropriate citations shall be submitted to the District Judge by **October 11, 2019**.

**IT IS SO ORDERED.**

ENTER:

_Bruce Guyton_
United States Magistrate Judge